

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED

NOV 0 4 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 10-268-RJL |
| | ) | |
| | ) | Filed: November 4, 2011 |
| v. | ) | |
| | ) | Count I: 15 U.S.C. § 1 |
| GEOLOGISTICS INTERNATIONAL | ) | |
| MANAGEMENT (BERMUDA) LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## PLEA AGREEMENT

The United States of America and Geologistics International Management (Bermuda)

Limited ("Geologistics" or "defendant"), a corporation organized and existing under the laws of

Bermuda, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). The terms of the Plea Agreement are

as follows:

## RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

(a)     to be represented by an attorney;

(b)     to be charged by Indictment;

(c)     as a corporation organized and existing under the laws of Bermuda, to

decline to accept service of the Summons in this case, and to contest the jurisdiction of

the United States to prosecute this case against it in the United States District Court for

the District of Columbia;

> (d)     to plead not guilty to any criminal charge brought against it;

> (e)     to have a trial by jury, at which it would be presumed not guilty of the

offense charged and the United States would have to prove every essential element of the

charged offense beyond a reasonable doubt for it to be found guilty;

> (f)     to confront and cross-examine witnesses against it and to subpoena

witnesses in its defense at trial;

> (g)     to appeal its conviction if it is found guilty; and

> (h)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

> 2.     The defendant knowingly and voluntarily waives the rights set out in Paragraph

1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees

voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in

the United States District Court for the District of Columbia.  The defendant also agrees to waive

any objection or defense it may have to the prosecution of the charged offense in the United

States District Court for the District of Columbia based on venue.  The defendant also knowingly

and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or

motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the

sentence imposed by the Court if that sentence is consistent with or below the Recommended

Sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by

the Court. This agreement does not affect the rights or obligations of the United States as set

forth in 18 U.S.C. § 3742(b)-(c). Nothing in this paragraph, however, shall act as a bar to the

defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack

respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The

defendant agrees that there is currently no known evidence of ineffective assistance of counsel or

prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment

and plead guilty at arraignment to a one-count Information to be filed in the United States

District Court for the District of Columbia.

      3.      As used in this Agreement, except as further defined below, the term

"international air freight forwarding services" means the following services and activities:

(1) receiving, packaging and preparing cargo freight destined for air shipment to or from the

United States; (2) delivery, transportation and storage of the cargo incidental to an air shipment

to or from the United States, such as ground transportation services to an airport at which the

defendant offers international air freight shipment services and warehousing prior to international

shipment; (3) contracting for air shipment of the cargo freight to or from the United States; and

(4) preparation of documents to accompany a cargo freight air shipment to or from the United

States. The term "international air freight forwarding services," as used herein, does not include

either of the following services: (a) ocean or ground freight forwarding services that are not

incidental to an international air freight shipment or (b) express delivery services. Count One of

the Information will charge the defendant with participating in a conspiracy among freight

forwarders to suppress and eliminate competition by agreeing to impose an Air Automated

Manifest System charge ("AAMS fee" ) on customers that purchased international air freight

forwarding services from the defendant related to the shipment of cargo by air into the United

States, beginning in or about March 2003 and continuing until in or about October 2007.  Count

One will charge a violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

4.       The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to

the criminal charge described in Paragraph 3 above and will make a factual admission of guilt to

the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

5.       Had this case gone to trial, the United States would have presented evidence

sufficient to prove the following facts:

(a)       As to Count One of the Information:

(i)       The "relevant period" is that period from in or about March 2003

until in or about October 2007.  During the relevant period, the defendant, a

subsidiary of The Public Warehousing Co. K.S.C. ("PWC"), a Kuwaiti company,

was a corporation organized and existing under the laws of Bermuda, and held a

100 percent share interest in Geologistics Ltd. (U.K.) and Geologistics

Management Ltd. (U.K.), both corporations organized and existing under the laws

of the United Kingdom, with headquarters in London, England.  During the

relevant period, the defendant provided international air freight forwarding

services in the United States and elsewhere and employed 5000 or more

individuals.

(ii)       During the relevant period, the defendant, through its employees,

including high-level personnel, participated in a conspiracy among major freight

4

forwarders, the primary purpose of which was to initiate and impose a charge for AAMS service on customers that purchased international air freight forwarding services from the defendant related to the shipment of cargo by air to the United States. In furtherance of the conspiracy, the defendant, through its employees, engaged in discussions and attended meetings with representatives of other freight forwarders. During those discussions and meetings, the freight forwarders, including the defendant, agreed to impose an AAMS fee on shipments to the United States and coordinated on the level of that charge.

(iii)    During the relevant period, the international air freight forwarding services provided by the conspirator firms, including the defendant, as well as payments for the AAMS fee, moved in interstate and foreign commerce. The business activities of the defendant and its co-conspirators in connection with their international air freight forwarding services that were the subjects of this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(iv)    Acts in furtherance of this conspiracy were carried out within the five years preceding the filing of this Plea Agreement.

## POSSIBLE MAXIMUM SENTENCE

6.    The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)    $100 million (15 U.S.C. § 1);

(b)     twice the gross pecuniary gain the conspirators derived from the crime

(18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the

conspirators (18 U.S.C. § 3571(c) and (d)).

7.      In addition, the defendant understands that:

(a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

probation of at least one year, but not more than five years;

(b)     pursuant to §8B1.1 of the United States Sentencing Guidelines

("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or

3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the

defendant to pay a $400 special assessment upon conviction for each of the charged

crimes.

## SENTENCING GUIDELINES

8.      The defendant understands that the Sentencing Guidelines are advisory, not

mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing

along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing

sentence.  The defendant understands that the Guidelines determinations will be made by the

Court by a preponderance-of-the-evidence standard.  The defendant understands that although the

Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its

sentence must be reasonable, based upon consideration of all relevant sentencing factors set forth

in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-

incriminating information that the defendant provides to the United States pursuant to this Plea

Agreement will not be used to increase the volume of affected commerce attributable to the

defendant or in determining the defendant's applicable Guidelines range, except to the extent

provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

9.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant

agree that the appropriate disposition of this case is, and agree to recommend jointly that the

Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of

**$687,960** for Count One, payable in full before the fifteenth (15th) day after the date of judgment

("the Recommended Sentence"). The parties agree that there exists no aggravating or mitigating

circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S.

Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant

to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the

Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea

Agreement. The parties further agree that the Recommended Sentence set forth in this Plea

Agreement is reasonable.

(a)      The defendant understands that the Court will order it to pay a $400

special assessment per count, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any

fine imposed.

(b)      Both parties will recommend that no term of probation be imposed, but the

defendant understands that the Court's denial of this request will not void this

Plea Agreement.

7

(c)     The United States and the defendant jointly submit that this Plea
Agreement, together with the record that will be created by the United States and the
defendant at the plea and sentencing hearings, and the further disclosure described in
Paragraph 10 below, will provide sufficient information concerning the defendant, the
crime charged in this case, and the defendant's role in the crime to enable the meaningful
exercise of sentencing authority by the Court under 18 U.S.C. § 3553.  The United States
and the defendant agree to request jointly that the Court accept the defendant's guilty
pleas and impose sentence on an expedited schedule as early as the date of arraignment,
based upon the record provided by the defendant and the United States, under the
provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1.  The Court's denial
of the request to impose sentence on an expedited schedule will not void this
Plea Agreement.

10.     Subject to the ongoing, full and truthful cooperation of the defendant described in
Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will
fully advise the Court and the Probation Office of the fact, manner and extent of the defendant's
cooperation, its commitment to prospective cooperation with the United States' investigation and
prosecutions, all material facts relating to the defendant's involvement in the charged offense and
all other relevant conduct.

11.     The United States and the defendant understand that the Court retains complete
discretion to accept or reject the Recommended Sentence provided for in Paragraph 9 of this Plea
Agreement.

8

(a)      If the Court does not accept the Recommended Sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 11(b) below, shall be rendered void.

(b)      If the Court does not accept the Recommended Sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Federal Rule of Evidence 410.  In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement shall be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12.      In light of the availability of civil causes of actions, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

## DEFENDANT'S COOPERATION

13.      The defendant, PWC and its wholly owned subsidiaries will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal

investigation of violations of federal antitrust and related criminal laws involving (a) the sale of international air freight forwarding services, (b) to the limited extent specified herein, the sale of international ocean freight forwarding services insofar as the object of any antitrust conspiracy was to impose a charge related to a mandate of the U.S. Bureau of Customs and Border Protection that, beginning in or about December 2002, it be notified electronically of the contents and certain other information regarding cargo destined for the United States prior to the ship's departure from a foreign port and (c) to the limited extent specified herein, the sale of international ocean freight forwarding services insofar as the object of any antitrust conspiracy was to impose a charge related to a mandate of Her Majesty's Revenue & Customs (U.K.) ("HMR&C") that, beginning in or about October 2002, HMR&C be notified electronically of the contents and certain other information regarding cargo destined for the United States and other non-European Community countries prior to the ship's departure from the United Kingdom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (together "Federal Proceeding"). The ongoing, full and truthful cooperation of the defendant shall include, but not be limited to:

> (a)     producing to the United States all non-privileged documents, information and other materials wherever located, in the possession, custody or control of the defendant, PWC and PWC's wholly owned subsidiaries requested by the United States in connection with any Federal Proceeding;

> (b)     using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current directors, officers and employees of the defendant, PWC and PWC's wholly owned subsidiaries as may be

requested by the United States, including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial and other judicial proceedings in connection with any Federal Proceeding.

14.     The ongoing, full and truthful cooperation of each person described in Paragraph 13(b) above, with the exceptions noted, will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States;

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial and other judicial proceedings in the

United States fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making of false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402) and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

15.     Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the Recommended Sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant, PWC or any of PWC's wholly owned subsidiaries, for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving (a) the sale of international air freight forwarding services, (b) to the limited extent specified herein, the sale of international ocean freight forwarding services insofar as the object of any antitrust conspiracy was to impose a charge related to a mandate of the U.S. Bureau of Customs and Border Protection that, beginning in or about December 2002, it be notified electronically of the contents and certain other information regarding cargo destined for the United States prior to the ship's departure from a foreign port

12

and (c) to the limited extent specified herein, the sale of international ocean freight forwarding

services insofar as the object of any antitrust conspiracy was to impose a charge related to a

mandate of HMR&C that, beginning in or about October 2002, HMR&C be notified

electronically of the contents and certain other information regarding cargo destined for the

United States and other non-European Community countries prior to the ship's departure from

the United Kingdom.  The nonprosecution terms of this paragraph do not apply to civil matters of

any kind, to any violation of the federal tax or securities laws or to any crime of violence.

    16.    The United States agrees to the following:

    (a)    Upon the Court's acceptance of the guilty plea called for by this Plea

Agreement and the imposition of the Recommended Sentence and subject to the

exceptions noted in Paragraph 16(c) below, the United States will not bring criminal

charges against any current director, officer or employee of the defendant, PWC or any of

PWC's wholly owned subsidiaries, for any act or offense committed before the date of

this Plea Agreement and while that person was acting as a director, officer or employee of

the defendant, PWC or any of PWC's wholly owned subsidiaries,  that was undertaken in

furtherance of an antitrust conspiracy involving (a) the sale of international air freight

forwarding services, (b), to the limited extent specified herein, the sale of international

ocean freight forwarding services insofar as the object of any antitrust conspiracy was to

impose a charge related to a mandate of the U.S. Bureau of Customs and Border

Protection that, beginning in or about December 2002, it be notified electronically of the

contents and certain other information regarding cargo destined for the United States

prior to the ship's departure from a foreign port and (c) to the limited extent specified

herein, the sale of international ocean freight forwarding services insofar as the object of any antitrust conspiracy was to impose a charge related to a mandate of HMR&C that, beginning in or about October 2002, HMR&C be notified electronically of the contents and certain other information regarding cargo destined for the United States and other non-European Community countries prior to the ship's departure from the United Kingdom (together "Relevant Offense");

(b)     Should the United States determine that any current director, officer or employee of the defendant, PWC or any of PWC's wholly owned subsidiaries, may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)     Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a

prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623) or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws or to any crime of violence; and

(g)     Documents provided under Paragraphs 13(a) and 14(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant.

17.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements or declarations (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*) or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

18.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.  However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner and extent of the cooperation of the defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

19.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation.  The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge and the nature and range of possible sentences.

## VOLUNTARY PLEA

20.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises or representations other than the representations contained in this Plea Agreement.  The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21.     The defendant agrees that, should the United States determine in good faith during the period that any Federal Proceeding is pending that the defendant has failed to provide full and

truthful cooperation, as described in Paragraph 13 of this Plea Agreement or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22.     The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's violation of the Plea Agreement, any documents, statements, information, testimony or evidence provided by it or current directors, officers or employees of it to attorneys or agents of the United States, federal grand juries or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Federal Rule of Evidence 410.

## ENTIRETY OF AGREEMENT

23.     This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case.  This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

24.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

25.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _September 30, 2010_

BY: _____
John Kao
Regional General Counsel
Agility Logistics Corporation
Duly Authorized Representative of
Geologistics International Management
(Bermuda) Limited

BY: _____
William E. Lawler, III, Esq.
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Avenue NW
Suite 600
Washington, D.C.  20004-1008
Counsel for Geologistics International
  Management (Bermuda) Limited

BY: _____
Hays Gorey, Jr.
Ryan Danks
Mary Strimel
Jessica Lefort
William M. Martin
Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street, NW
Suite 11300
Washington, D.C.  20530
Tel.: (202) 307-0000

## CERTIFICATE OF CORPORATE RESOLUTIONS

WHEREAS, Geologistics International Management (Bermuda) Limited ("Geologistics") has been engaged in discussions with the United States Department of Justice, Antitrust Division (the "United States") regarding the United States' investigation of a conspiracy to suppress and eliminate competition in the international air freight forwarding industry;

WHEREAS, in order to resolve such discussions, it is proposed that Geologistics enter into a Plea Agreement with the United States;

WHEREAS, Mr. John Kao is Regional Legal Counsel of Geologistics; and

WHEREAS, John Kao is not an officer, employee, or agent of Public Warehousing Company, K.S.C. or any other affiliate of Public Warehousing Company, K.S.C., including but not limited to Agility DGS Logistics Services Company, K.S.C.(c) and Agility DGS Holdings, Inc., and is not authorized by the resolutions below to take any action on behalf of Public Warehousing Company, K.S.C. or any other affiliate of Public Warehousing Company, K.S.C., including but not limited to Agility DGS Logistics Services Company, K.S.C.(c) and Agility DGS Holdings, Inc.:

Therefore, the Board of Directors of Geologistics has RESOLVED that:

1.      The Board of Directors (i) consents to the filing in the United States District Court for the District of Columbia of a one-count Information charging Geologistics with participation in a conspiracy in restraint of trade in violation of Title 15, United States Code, Section 1; (ii) waives indictment on such charge and authorizes Geologistics to enter into a Plea Agreement with the United States; and (iii) agrees to accept a fine of $687,960 and to authorize Geologistics to pay $687,960 to the United States Treasury under the Plea Agreement;

2.      John Kao. Legal Counsel, is hereby authorized, empowered, and directed, on behalf of Geologistics. to execute the Plea Agreement between Geologistics and the United States substantially in such form as reviewed by this Board of Directors at this meeting;

3.      John Kao. Legal Counsel. is hereby authorized, empowered, and directed to represent Geologistics at any hearing in order to waive any and all rights of Geologistics referred to under Paragraph 2 of the Plea Agreement and to enter a guilty plea at such hearing for and on behalf of Geologistics. in accordance with the provisions of the Plea Agreement;

4.      John Kao. Legal Counsel is hereby authorized, empowered, and directed to take any and all actions as may be necessary or appropriate to carry out and effectuate the purpose and intent of the foregoing resolutions; however, John Kao is not authorized to accept service of process or take any other action on behalf of Public Warehousing Company, K.S.C. or any other affiliate of Public Warehousing Company K.S.C.. including but not limited to Agility DGS Logistics Services Company. K.S.C.(c) and Agility DGS Holdings, Inc.: and

5.      All of the actions of John Kao, which actions would have been authorized by the foregoing resolutions except that such actions were taken prior to the adoption of such resolutions. are hereby severally ratified. confirmed. approved. and adopted as actions on behalf of Geologistics.

I. *ANDRE J. Dill* of Geologistics International Management (Bermuda) Limited. do hereby certify that the foregoing resolutions were adopted by the Board of Directors of Geologistics International Management (Bermuda) Limited; are true, correct, and complete: and that said resolutions have not been amended. modified. or repealed and remain in full force and effect.

Date *28 Sept,* , 2010

Name & Title: *Andre J. Dill – Secretary*

Geologistics International Management (Bermuda) Limited

2